**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**

| | |
|---|---|
| HUGO REINOSA, | Case No. SACV 16-01936-AS |
| Plaintiff, | **MEMORANDUM OPINION AND** |
| v. | **ORDER OF REMAND** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On October 24, 2016, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 7, 13). On March 8, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 19-20). The parties filed a Joint Stipulation ("Joint Stip.") on July 3, 2017, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 24).

The Court has taken this matter under submission without oral argument. <u>See</u> C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social Security Appeal," filed October 26, 2016 (Docket Entry No. 9).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 21, 2012, Plaintiff, formerly employed as a general helper, a test fixture drill technician, a stock clerk, a laborer for a refurbished computer parts company, and an electrician technician(<u>see</u> AR 73-74, 328-33), filed applications for Disability Insurance Benefits and Supplemental Security Income, both alleging a disability since Otober 11, 2015. (<u>See</u> AR 278-85). On December 10, 2014, the Administrative Law Judge ("ALJ"), John Kays, heard testimony from Plaintiff (represented by counsel) and vocational expert Susan Allison. (<u>See</u> AR 67-107). On May 19, 2015, the ALJ issued a decision denying Plaintiff's applications. (<u>See</u> AR 43-57). After determining that Plaintiff had severe impairments -- "mild arthritis of the low back, degenerative disc disease of the lumbar spine and status post calcification excision of the left ankle"

(AR 45-48)[2] -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments (AR 48), the ALJ found that Plaintiff had the residual functional capacity ("RFC")[3] to perform a full range of medium work.[4]  (AR 48-56).  Finding that Plaintiff was capable of performing past relevant work as a hand driller as actually performed and as generally performed, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 56-57).

Plaintiff requested that the Appeals Council review the ALJ's Decision.  (See AR 23).  The request was denied on September 30, 2016.  (See AR 1-5).  The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision.  See 42 U.S.C. §§ 405(g), 1383(c).

## PLAINTIFF'S CONTENTIONS

Plaintiff alleges that the ALJ erred in failing to (1) consider the opinion of Plaintiff's treating physician, Dr. Solmayor; (2) consider Plaintiff's physical impairments; (3) properly assess Plaintiff's testimony regarding his pain and limitations; (4)  consider the opinion

---

[2]    The ALJ determined that Plaintiff's other impairments -- hypertension, obstructive sleep apnea, diabetes mellitus, and depression -- are nonsevere.  (See AR 45-48).

[3]    A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4]    "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

of the State Agency physician, Dr. G. Johnson; and (5) make a proper determination regarding classification of Plaintiff's past relevant work. (See Joint Stip. at 2-5, 10-16, 18-24, 29-32, 35-41).

## DISCUSSION

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second through fifth claims of error.

**A.    The ALJ Did Not Properly Reject the Opinion of Plaintiff's Treating Physician, Fe Solmayor, M.D.**

Plaintiff asserts that the ALJ failed to provide any reasons, or even specific and legitimate reasons, for rejecting the opinion of Plaintiff's treating physician, Dr. Solmayor. (See Joint Stip. at 2-5, 10-13). Defendant asserts that the ALJ provided valid reasons for rejecting the opinion of Dr. Solmayor, and alternatively that any error by the ALJ in rejecting the opinion of Dr. Solmayor was harmless. (See Joint Stip. at 5-10).

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "Generally, a treating physician's opinion carries more weight

4

than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(c)(2); see Trevizo v. Berryhill, __ F.3d __, 2017 WL 2925434, *7 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted based on factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record as a whole, and specialization of the physician. 20 C.F.R. § 416.927(c)(2)-(6).

If a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, 81 F.3d at 830-31. If the treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, supra.

Fe Solmayor, M.D., a physician at Integrative Medical Center in Santa Ana, California, treated Plaintiff from December 8, 2009 to approximately December 2014. (See AR 744-802, 942-74).

In a Physical Residual Functional Capacity Questionnaire dated dated May 23, 2014, Dr. Solmayor diagnosed Plaintiff with non-insulin-dependent diabetes mellitus, hypertension, achilles tendinitis, status post left ankle surgery, degenerative disc disease, fibromyalgia, anxiety and sleep apnea, and opined, inter alia, that (1) during a typical 8-hour workday Plaintiff's pain and other symptoms frequently are severe enough to interfere with the attention and concentration necessary to sustain simple, repetitive work tasks; (2) Plaintiff is incapable of even "low stress" work; (3) in a competitive work situation Plaintiff cannot sit at any one time more than 20 minutes or stand at any one time more than 15 minutes; (4) in an 8-hour workday Plaintiff can sit a total of about 4 hours and can stand/walk a total of less than 2 hours; (5) during an 8-hour workday Plaintiff will require 4 unscheduled breaks per 2-hour period; (6) Plaintiff can occasionally carry 10 pounds but can never carry 20 or more pounds; (7) Plaintiff can rarely twist, stoop/bend, crouch, or climb ladders or stairs; (8) Plaintiff has moderate limitations in doing repetitive reaching, handling or fingering; (9) Plaintiff's limitations are likely to produce "good" days and "bad" days; and (10) Plaintiff is likely to be absent from work about 3 days per month as a result of his impairments or medical treatment. (See AR 925-28).

In the Decision, the ALJ does not mention Dr. Solmayor by name, nor does he mention or discuss any of Dr. Solmayor's treatment records. In fact, the only time the ALJ refers to Dr. Solmayor's May 23, 2014 Questionnaire -- Exhibit No. 24 (see AR 925-28) -- is in the following paragraph:

The undersigned has given little weight to the opinion of
Dr. Salomon, a chiropractor (Exhs. 8F, 24F). The undersigned
has given little weight to this opinion because it is brief,
conclusory, and inadequately supported by clinical findings.
An opinion that is not from an acceptable medical source is
not entitled to be given the same weight as a qualifying
medical source opinion (20 CFR 404.1513(a) and (e); and
416.913(a) and (e)). Dr. Salomon assessed functional
limitations that would preclude the claimant from working at
the level of substantial gainful activity. This opinion is
inconsistent with the claimant's admitted activities of daily
living. The claimant indicated he performed his own household
chores, prepared his own meals, drove a vehicle and did his
own grocery shopping.

(AR 56).

Here, since the ALJ clearly did not recognize that Dr. Salmayor was
Plaintiff's treating physician, or that the opinion in the May 23, 2014
Questionnaire was given by Dr. Solmayor (as opposed to Dr. Salomon, a
chiropractor), none of the reasons given by the ALJ in the above
paragraph are applicable to Dr. Solmayor's opinion.[5] Moreover, the ALJ
erred in rejecting Dr. Solmayor's opinion because he failed to consider
factors such as the length of the treating relationship, the frequency
of examination, the nature and extent of the treatment relationship, the

_____

[5]     The Court will not consider reasons for rejecting Dr.
Solmayor's opinions (see Joint Stip. at 6-10) that were not given by the
ALJ in the Decision. See Trevizo v. Berryhill, supra, 2017 WL 2925434
at *6; Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v.
Chenery Corp., 332 U.S. 194, 196 (1947).

supportability of opinion, consistency with the record as a whole, and specialization of the physician. See Trevizo v. Berryhill, supra. Simply put, the ALJ did not provide any reasons, much less "specific and legitimate" reasons or "clear and convincing" reasons, for rejecting Dr. Solmayor's opinion.

Contrary to Defendant's assertion (see Joint Stip. at 5-6), the ALJ's failure to consider Dr. Solmayor's opinion was not harmless error. Since the ALJ did not provide reasons for rejecting Dr. Solmayor's opinion, the ALJ's error cannot be deemed "inconsequential to the ultimate nondisability determination." See Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).

**B.    Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly assess the opinion of Dr. Salmayor, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[6]

---

[6] The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." <u>See</u> <u>Garrison v. Colvin</u>, <u>supra</u>, 759 F.3d at 1021. Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's errors in failing to (1) consider Plaintiff's physical impairments (<u>see</u> Joint Stip. at 13-16, 18-19), (2) properly assess Plaintiff's testimony regarding his pain and limitations (<u>see</u> Joint Stip. at 19-24, 29-31), (3) consider the opinion the State Agency physician, Dr. G. Johnson (<u>see</u> Joint Stip. at 31-32, 35-37), and (4) make a proper determination regarding classification of Plaintiff's past relevant work (<u>see</u> Joint Stip. at 37-41). Because this matter is being remanded for further consideration, these issues should also be considered on remand.

**ORDER**

     For the foregoing reasons, the decision of the Commissioner is
reversed, and the matter is remanded for further proceedings pursuant to
Sentence 4 of 42 U.S.C. § 405(g).


     LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: August 2, 2017


                                    /s/
                              ALKA SAGAR
                       UNITED STATES MAGISTRATE JUDGE